**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CSI WORLDWIDE, LLC | ) | |
| | ) | No. 18 C 5900 |
| *Plaintiff,* | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| TRUMPF, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## OPINION AND ORDER

Defendant Trumpf, Inc. moves the Court under Rule 54(b) to reconsider its ruling denying Trumpf's motion for summary judgment as to Plaintiff CSI Worldwide, LLC's promissory estoppel claim. (Dkt. 145); (Dkt. 144). Trumpf contends that the Court made a manifest error of law and fact when the Court ruled that "a reasonable juror could find that Trumpf clearly and unequivocally promised CSI that it could bill [Trumpf] directly, and that CSI's detrimental reliance on these promises was both expected and foreseeable." (Dkt. 144 at 18); (Dkts. 145, 146).[1] CSI opposes the motion. (Dkt. 148). For the reasons below, the Court denies Trumpf's motion.

## LEGAL STANDARD

"'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024) (quoting *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)). A "manifest error[] of law or fact . . . is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 642 (7th Cir. 2023)

---

[1] All references to Trumpf have been decapitalized without brackets for ease of reading and clarity.

(quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

"'A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.'" *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 700 (7th Cir. 2024) (brackets omitted) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 956 (7th Cir. 2013)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief on reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Emerson v. Dart*, 109 F.4th 936, 943-44 (7th Cir. 2024); *Bedford v. DeWitt*, 695 F. Supp. 3d 998, 1001 (N.D. Ill. 2023) ("motions to reconsider are governed by largely the same standards as motions under Rule 59(e) and should be granted only in rare circumstances, with the moving party bearing a heavy burden"); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954–55 (7th Cir. 2013).

## **DISCUSSION**

Trumpf fixates on the June 2017 meeting calling it the "crux" of its arguments. (Dkt. 149 at 2); (Dkt. 146). Trumpf asserts that the June 2017 meeting was "a preliminary discussion"—not a promise—because: "(1) Trumpf was meeting with and considering other exhibit houses that had responded to Trumpf's Request for Proposal . . . (2) Trumpf did not retain Lynch until . . . July 2017, and (3) Lynch did not retain CSI until . . . August 2017." (Dkt. 146 at 2). Trumpf further

2

asserts that the Court "relied on" yet misapplied the "framework" under *Tindall Corp. v. Mondelez Int'l, Inc.*, 248 F. Supp. 3d 895, 910 (N.D. Ill. 2017). (*Id.* at 3-5). Trumpf also contends that the Court's citation to *Swansea Concrete Prods., Inc. v. Distler*, 467 N.E.2d 388, 392 (Ill. App. Ct. 1984) was erroneous because it is factually distinguishable. (*Id.* at 10-11).

Trumpf comes nowhere close to satisfying the "exceptional" and "rare" circumstances warranting reconsideration. *Supra* at 1-2. Trumpf rehashes arguments the Court considered and rejected on summary judgment. (Dkts. 146, 149). Trumpf also raises new evidence and arguments that it should have presented on summary judgment but chose not to. (*Id.*)

The entirety of Trumpf's arguments concerning the June 2017 meeting are irrelevant. (*Id.*); (Dkt. 149 at 2) (calling the June 17 meeting "the crux of Trumpf's argument before this Court"). Trumpf overlooks that the Court did not decide the promissory estoppel issue solely on the June 2017 meeting. (Dkt. 144 at 16-18). The Court based its decision on "Trumpf's statements and actions in the runup to, and during the trade show" which it found sufficient to raise a genuine issue of material fact to "amount to promises to pay for CSI's services directly." (*Id.* at 17). The Court explained that this evidence—"coupled with the June 2017 statements"—"strengthen CSI's argument as to both the existence of a promise and CSI's justifiable reliance on the same." (*Id.* at 17-18). The Court then cited to examples demonstrating this and summed up that "it would be reasonable to conclude from these facts that CSI believed all along that Trumpf's promise to pay them directly was mutually agreed upon and served as the foundation for the two companies' relationship." (*Id.* at 18).

Trumpf improperly rehashes arguments the Court considered and rejected on summary judgment. Trumpf contends that it "was meeting with and considering other exhibit houses that had responded to Trumpf's Request for Proposal." (Dkt. 146 at 2, 6-9) (discussing RFP and

3

"beauty contest" arguments and testimony); (*see also* Dkt. 149 at 2-6) (same). It raised the same arguments in its motion for summary judgment. (Dkt. 129 at 10) (the "June meetings were a 'beauty contest' where three exhibit houses, one being Lynch, made presentations vying to be chosen as Trumpf's new exhibit service provider in response to a Request for Proposal"). Trumpf's arguments concerning Trumpf retaining Lynch in July 2017 and then Lynch retaining CSI in August 2017 were likewise raised, considered, and rejected in Trumpf's summary judgment motion. (Dkt. 146 at 2); (Dkt. 129 at 11-12).[2] While presented in different packaging, Trumpf's arguments are nothing new and fall well short of what is required under Rule 54(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed*, 388 F.3d at 249. Trumpf merely takes "umbrage with the court's ruling and rehashe[s] old arguments"; it fails to show that the Court "disregard[ed], misappl[ied] or fail[ed] to recognize controlling precedent." *Oto*, 224 F.3d at 606.

Trumpf contends that the Court made a manifest error of law based on its citations to *Tindall Corp. v. Mondelez Int'l, Inc*., 248 F. Supp. 3d 895, 910 (N.D. Ill. 2017) and *Swansea Concrete Prods., Inc. v. Distler*, 467 N.E.2d 388, 392 (Ill. App. Ct. 1984). (Dkt. 146 at 3-5, 10-11). Trumpf asserts that the Court misapplied the "framework" set forth in *Tindall*. (*Id.* at 3). This is clearly wrong. The Court applied the framework in *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 566 (7th Cir. 2012). (Dkt. 144 at 16) (setting forth the *Wigod* elements). The Court cited *Tindall* in exemplary fashion to draw contrast between when statements during preliminary

---

[2] These are not the only instances where Trumpf rehashes arguments it already presented on summary judgment; but the Court need not retread old ground again. "Motions for reconsideration are not intended to give the moving party a second bite of the apple. . . . Thus, the moving party may not merely reargue the same evidence or cases previously argued, or argue other evidence or cases previously available but not initially argued." *Chicago Dist. Council of Carpenters Pension Fund v. Vacala Masonry, Inc.*, 967 F. Supp. 309, 313 (N.D. Ill. 1997) (citing *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) *and Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)).

negotiations satisfy the first element for a promissory estoppel claim and when they do not. (*Id.* at 17) (citing *Tindall* using a "*see, e.g.*" citation signal and noting that it "compared cases" on this issue). None of Trumpf's positions about *Tindall* come anywhere close to showing a "wholesale disregard, misapplication, or failure to recognize controlling precedent'" by the Court. *Pucillo*, 66 F.4th at 642; (*see* Dkt. 144 at 16-18) (citing, relying on, and applying controlling Illinois precedent). These points carry even more force with regards to Trumpf's argument that the Court's citation to *Swansea* was erroneous. (Dkt. 146 at 10-11). *Swansea* is a precedential and analogous case that the Court cited for persuasive inference using a "*see*" citation signal. (Dkt. 144 at 18) (citing *Swansea* with "*see*" which signals that the authority supports the point by reasoning rather than explicit statement). Trumpf's arguments show that this is not an "exceptional" case warranting reconsideration but mere disagreement with the Court's decision. *Emerson*, 109 F.4th at 943-44.

The Court need not consider the rest of Trumpf's arguments. They are new and should have been presented at summary judgment. (*Compare* Dkt. 146 at 4 *and* Dkt. 149 at 2-5) (introducing new arguments concerning testimony from Thomas McLaughlin) (*with* Dkt. 129 at 10, 14); (*compare* Dkt. 146 at 4, 7, 8, 10 *and* Dkt. 149 at 2-5) (introducing new arguments concerning testimony from Dave Centrowitz) (*with* Dkt. 129 at 9, 11, 12). "'A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Cannon*, 92 F.4th at 700 (7th Cir. 2024) (brackets omitted) (quoting *Cincinnati*, 722 F.3d at 956)).

**CONCLUSION**

The Court denies Trumpf's motion for reconsideration. (Dkt. 146).

Virginia M. Kendall
United States District Judge

Date: April 2, 2026